390 So.2d 262 (1980)
LeGLUE BUICK, INC., Plaintiff-Appellee,
v.
Lorenza SMITH, Jr., et al., Defendants-Appellants.
No. 7754.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
Rehearing Denied December 1, 1980.
Arthur Charles Lyons, Alexandria, for plaintiff-appellant.
*263 Trimble, Randow, Smith & Wilson, Alonzo P. Wilson, Alexandria, for defendants-appellants.
Adcock, Dupree & Shows, Michael V. Clegg, Baton Rouge, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman H. B. Gist, III, Alexandria, for defendants-appellees.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
This action was originally instituted by LeGlue Buick, Inc. to recover a sum of money due under a contract of lease of an automobile. Lorenza Smith, Jr. and his wife, Elaine Lyons Smith, were named as defendants in this suit. Defendants filed a third party demand against Bernadette Franks and her insurer, Safeco Insurance Company.[1] Third party defendant, Bernadette Franks, failed to answer timely. Third party plaintiffs then attempted to confirm a preliminary default which had been entered against Bernadette Franks. The trial court dismissed third party plaintiffs' demand, with prejudice, finding that they had not established even a prima facie case of liability against Bernadette Franks.
Third party plaintiffs then filed a petition for nullity of judgment. Both third party defendants filed exceptions to the action for nullity. The trial court sustained these exceptions and dismissed third party plaintiffs' petition for nullity.
The sole issue for our determination is whether the trial court erred in ruling that appellants' action for nullity was an improper collateral attack upon the court's judgment.
The trial court rendered a judgment in this suit on March 29, 1979, in which third party plaintiffs' demand against Bernadette Franks was dismissed, with prejudice. This cause was before the court for confirmation of default. The trial judge stated in his written reasons for judgment that third party plaintiffs had failed to adduce sufficient evidence to prove the allegations of their third party demand.
Third party plaintiffs filed a petition for nullity of judgment in these same proceedings on August 13, 1979. They alleged in their petition that the judgment of March 29, 1979, was null and void. Third party defendants filed exceptions to this action for nullity of judgment. The first exception plead was the dilatory exception of improper cumulation of actions. LSA-C. C.P. Article 926(7). Third party defendants argued that an action for nullity of judgment must be brought in separate proceedings. Third party defendants also urged a second exception in which they argued that the petition failed to comply with the requirements of LSA-C.C.P. Article 891 in that the petition failed to state the name, surname and domicile of all parties. These exceptions were argued before the trial court on September 17, 1979, and the trial court sustained third party defendants' exception of improper cumulation of actions. The trial judge also refused to issue a rule, directed to Bernadette Franks, to show cause why the March 29, 1979, judgment should not be annulled.
Appellants argue that the trial court erred in sustaining the third party defendants' dilatory exception of improper cumulation of actions. Appellants allege that they met the requirements of LSA-C. C.P. Article 462, and should have been allowed to cumulate their action for nullity of judgment with their original action in reconvention against LeGlue Buick and their demand against third party defendants.
A distinction must be made at the outset for a proper understanding of the issue involved here. Judgments can be attacked on the grounds that they are absolutely null under the provisions of LSA-C. *264 C.P. Article 2002[2] or relatively null as provided by LSA-C.C.P. Article 2004.[3] As regards this case, the most important aspect of this distinction is the different means by which the nullity of a judgment can be asserted.
A judgment is an absolute nullity when there exists a vice of form. LSA-C. C.P. Article 2002, supra and the Official Comment to that article. A person with interest may show such nullity in collateral proceedings at any time and before any court, for absolutely null judgments are not subject to the venue and the delay requirements of the action of nullity. Nethken v. Nethken, 307 So.2d 563 (La.1975); Tannehill v. Tannehill, 226 So.2d 185 (La.App. 3 Cir. 1969), cert. denied 228 So.2d 485 (La. 1969); Garnett v. Ancar, 203 So.2d 812 (La. App. 4 Cir. 1967); Franz v. Franz, 315 So.2d 79 (La.App. 4 Cir. 1975); American Bank & Trust Company v. Marbane Investments, Inc., 337 So.2d 1209 (La.App. 3 Cir. 1976). A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. Nethken v. Nethken, supra.
On the other hand, "a final judgment obtained by fraud or ill practices may be annulled ...". LSA-C.C.P. Article 2004. Such a judgment is not an absolute nullity; the nullity must be properly decreed within the time prescribed. The established jurisprudence of this State requires that such grounds be asserted in a direct action and not raised collaterally. Nethken v. Nethken, supra; Pontchartrain Park Homes, Inc. v. Sewerage and Water Board of New Orleans, 168 So.2d 595 (La. 1964). What is meant by a "direct action" is that the party praying for the nullity of a judgment must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits. LSA-C.C.P. Article 1201, 2001-2006; Nethken v. Nethken, supra; Garnett v. Ancar, supra.
We find that the appellants' attack on the trial court judgment in this case must be considered a collateral attack. The petition for nullity was filed in the record of an ongoing proceeding, and sought to be made a part of these proceedings. The only judgments which may be collaterally attacked are those which are absolutely null because of a vice of form as provided in LSA-C.C.P. Article 2002.
LSA-C.C.P. Articles 2001-2006 provide the grounds for an action of nullity. These are the exclusive grounds for nullity of judgment. Southern Wheel & Rim Service, Inc. v. Champion Machine Works, Inc., 283 So.2d 328 (La.App. 4 Cir. 1973); C. I. T. Leasing Corporation v. Bar-Tender of Louisiana, Inc., 258 So.2d 228 (La.App. 4 Cir. 1972). Therefore, the facts alleged in the petition must show entitlement to annulment based solely on these grounds. An action for nullity cannot be substituted for a timely appeal. C. I. T. Leasing Corporation v. Bar-Tender of Louisiana, Inc., supra; Levy v. Stelly, 254 So.2d 665 (La.App. 4 Cir. 1971), cert. denied, 256 So.2d 289 (La.1972); Succession of Quaglino, 248 So.2d 380 (La.App. 4 Cir. 1971), writ refused, 252 So.2d 455 (La.1971).
In the present action, appellants do not contend that the judgment, which they seek to attack, was rendered against an *265 incompetent or that the courts did not have jurisdiction over the subject matter. Appellants contend that the judgment dismissing their third party demand is an invalid judgment by default. However, an examination of the judgment dismissing appellants' third party demand reveals that it is not a judgment by default. Third party plaintiffs' demands against Bernadette Franks were dismissed with prejudice following their failure to present sufficient proof for confirmation of default against third party defendant, Bernadette Franks. Appellants, having failed to prove that the judgment complained of is an absolute nullity, have no right to collaterally attack that judgment in these proceedings.
For the above and foregoing reasons, the ruling of the trial court in refusing to entertain the action for nullity is affirmed.
Costs of this appeal are assessed against appellants.
AFFIRMED.
NOTES
[1] This third party demand was based upon the allegation that Bernadette Franks had been at fault in causing an accident in which the original defendants (third party plaintiffs) were involved, which necessitated the repair of their car and the rental of a car from LeGlue Buick. Safeco Insurance Company, automobile liability insurer of Bernadette Franks, filed an answer through its attorney, but did not answer on behalf of Bernadette Franks.
[2] "Art. 2002. Annulment for vices of form; time for action

A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time."
[3] "Art. 2004. Annulment for vices of substance; peremption of action

A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."