411 So.2d 1191 (1982)
Willie F. GANT, et al.
v.
Gollia McGee wife of and Lucious McGEE.
Consolidated with No. 12765, Mrs. Gollia McGee Wife of/and Gollia McGee
v.
Willie Gant.
No. 12764.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Bruno & Bruno, Joseph M. Bruno, New Orleans, for plaintiff-appellee.
Robert T. Hughes, New Orleans, for defendant-appellant.
Before BARRY, BYRNES, and WARD, JJ.
*1192 BARRY, Judge.
Plaintiff, Willie F. Gant, filed suit to nullify a default judgment because he did not receive citation and service of the petition. The lower court granted a summary judgment nullifying the default judgment and the defendants appeal.
The original proceedings were filed on November 15, 1971 alleging personal injuries were sustained by Gollia McGhee in a restaurant owned by a person named Willie Gant. Service of that lawsuit was made on the wife of Willie Gant at 7018 Collapissa Street in New Orleans and a preliminary default was entered shortly thereafter.
Five years later a supplemental and amended petition[1] was served personally on Willie Gant (this plaintiff) at 3915 Hamilton Street and a second preliminary default was entered. On October 13, 1977 the preliminary defaults were confirmed and judgment was rendered against Willie Gant for $65,000.00 plus special damages, legal interest and costs. The judgment was served on Gant through his thirteen year old granddaughter.
Plaintiff sued to annul the default judgment and filed a motion for summary judgment. His affidavit says he has resided at 3915 Hamilton Street since 1953, that he never lived nor transacted any business at 7018 Collapissa Street, and he was not served with a citation or petition of the McGhee lawsuit. The Willie Gant residing on Collapissa Street also signed an affidavit stating that he was served with the McGhee lawsuit but was never in the restaurant business. A deputy clerk's affidavit states that the original petition was not attached to the citation when it was served with the supplemental and amending petition.
McGhee argues that "(w)hether or not the right `Willie Gant' or wrong `Willie Gant' was served with the original petition, the record clearly indicates that the right `Willie Gant' was personally served with the Supplemental and Amended petition." McGhee says this placed the correct Gant (plaintiff) on notice that a suit was pending against him, that the supplemental and amended petition made reference to the original petition, and that he was cited and required to answer the supplemental and amended petition. In addition, McGhee points to the domiciliary service of the default judgment made on the right Willie Gant and that Gant took no action until seven months later when he filed the instant petition to annul the default judgment.
Appellant McGhee's position is without legal foundation. Jurisdiction over a person who has not submitted or waived objection, either in an ordinary or summary proceeding, is based upon service of process. LSA-C.C.P. Art. 6. This service of process "includes either personal or domiciliary service on the defendant." Comment (f) LSA-C.C.P. Art. 6. "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing therein as a member of his domiciliary establishment." LSA-C.C.P. Art. 1234. Personal service requires that the proper defendant be personally served with the petition. The citation, accompanied by a certified copy of the petition, must contain, among other things, "(a) statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default." LSA-C. C.P. Art. 1202. A default judgment may not be taken against a person who has not received citation and service thereof. LSA-C.C.P. Art. 1201.
We find no provision in our laws or jurisprudence which permits service of a supplemental and amended petition as a substitute for citation and service of process of the original petition. All subsequent proceedings are absolutely null. LSA-C. C.P. Art. 1201.
*1193 Finally, knowledge of a lawsuit, regardless of the extent or depth of that knowledge, cannot supply the requisite citation. Piper v. Olinde's Hardware & Supply Company, Inc., 276 So.2d 788 (La.App. 1st Cir. 1973), affirmed 288 So.2d 626 (La.1974). Nationwide Acceptance Company v. Alexis, 201 So.2d 21 (La.App. 4th Cir. 1967).
Plaintiff's petition for nullity of the default judgment clearly falls within the provisions of LSA-C.C.P. Art. 2002 which provides in part:
"A final judgment shall be annulled if it is rendered:
* * * * * *
"(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;"
Therefore the judgment of the District Court, annulling the judgment rendered in the matter: Gollia McGhee, wife of/and Lucious McGhee v. Willie Gant, suit number 532-345 on the docket of the Civil District Court for the Parish of Orleans, is affirmed with appellants to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] The supplemental and amended petition merely changed the caption of the petition to correct petitioners' names to read "Gollia McGhee, wife of/and Lucious McGhee".