CIACCIO, Judge.
The original plaintiffs, Dave Williams, Jacob D. Harrison and Norine Gibson, filed suit to recover damages sustained in an automobile collision against Earl Lenard and his insurer, New York Fire & Marine Insurance Co. Before trial Mr. Lenard died and plaintiffs substituted as defendant, his wife, Agnes Garibaldi Lenard, the administrator of his estate. Mrs. Lenard discovered that New York Fire & Marine had not renewed a previously issued insurance policy on behalf of her husband, so she filed a third-party complaint for indemnification against Carver General Insurance Agency to whom, she alleged, her husband had paid the policy premiums for renewal of his policy. The original plaintiffs then filed an amended petition naming Carver as a defendant. New York Fire & Marine was dismissed from the suit.
After trial on the merits, judgment was rendered in favor of the plaintiffs and against Mrs. Lenard and Carver in solido. Judgment was also rendered on the third-party demand in favor of Mrs. Lenard and against Carver for any amounts which Mrs. Lenard may have to pay plaintiffs. From this result in the trial court no appeal was taken.
Some six and one-half months after the judgment was rendered, Carver filed a “Petition for Nullity of Judgment ...” The trial court declined to declare the judgment null and from that denial Carver has appealed.
Carver raises on appeal essentially the same issues initially raised in the petition for nullity. Many of these issues relate to a defense on the merits of the original trial or represent issues which should have been raised if the original judgment had been appealed. La.C.C.P. arts. 2001-2006 provide the grounds for an action of nullity. These are the exclusive grounds for nullity of judgment. The facts alleged in the petition for nullity, therefore, must show entitlement to annullment based solely on these grounds. An action for nullity cannot be substituted for a timely appeal. LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La. App. 3d Cir.1980) and cases cited therein. Consequently, those issues not exclusively provided for in La.C.C.P. Arts. 2001-2006 will not be considered.
La.C.C.P. Art. 2002, in pertinent part, provides:
“A final judgment shall be annulled if it is rendered:
* * * * * *
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;
*940 A review of the record discloses that while Carver was served with “Plaintiffs’ First Supplemental Amended Petition”, Carver was not served with plaintiffs’ original petition. Failure to serve Carver with the original petition is not “served with process as required by law” under Art. 2002(2). Gant v. McGee, 411 So.2d 1191 (La.App. 4th Cir. 1982). Carver did not file an answer to plaintiffs’ petition and with respect thereto did not make an appearance. A valid default judgment was not rendered against Carver. Since, with respect to plaintiffs’ petition, Carver was not served, did not make a general appearance, and did not have a valid default judgment taken against it, the judgment in favor of plaintiffs and against Carver is a nullity.
With respect to the third-party demand by Mrs. Lenard against Carver, the record discloses that Carver was properly served with the third-party petition and filed an answer. Carver’s attorney, however, did not appear in court for the trial of the matter. After the trial judge satisfied himself that Carver’s attorney had received notice of trial and that all efforts to contact him on the day of trial were futile, the case proceeded to trial with Carver unrepresented.
The transcript of the proceedings reveals that at trial the plaintiffs and the defendant, Mrs. Lenard, had agreed that any judgment rendered in favor of plaintiffs would not be executed against Mrs. Lenard. The plaintiffs and Mrs. Lenard had aligned themselves against Carver. The proceedings which took place were in essence an effort by plaintiffs and Mrs. Lenard to both take a default judgment against Carver.
The only “evidence” presented in support of the third-party demand was a stipulation between counsel for plaintiffs and counsel for Mrs. Lenard, as to what Mrs. Lenard would testify to if she were called to the stand. Carver had answered the third-party demand and was represented by counsel, despite his non-appearance at trial. A stipulation between counsel for plaintiffs and counsel for Mrs. Lenard concerning evidence on a claim between Mrs. Lenard and Carver is of no effect. Carver is not bound by the stipulation and the stipulation cannot take the place of competent evidence.
The stipulation being the only “evidence” offered in support of the third-party demand, there was no competent evidence submitted to sustain any judgment on the third-party demand.
While a trial court has wide discretion in determining whether a judgment should be annulled because of fraud and ill practice under La.C.C.P. Art. 2004, ill practice is a broad term. Muller v. Michel Lecler, Inc., 266 So.2d 916 (La.App. 4th Cir. 1972). It is certainly an ill practice to attempt to support a claim by a stipulation such as the one outlined above.
Admittedly, a judgment should not be annulled under ordinary circumstances simply because there was lack of diligent presentation of a valid defense which could have been pleaded before judgment. Muller v. Michel Lecler, Inc., supra. However, as stated by the Supreme Court in Succession of Gilmore, 157 La. 130, 102 So. 94 (1924):
“The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show that deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable.”
In Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (1953), the court stated the proposition as follows:
“... Under the jurisprudence any improper practice or procedure which enables a party to obtain a definitive judgment comes within the meaning of this article.” (Emphasis Supplied)
This rule has been carried forward to actions for nullity under La.C.C.P. Art. 2004. In Tapp v. Guaranty Finance Company, 158 So.2d 228 (La.App. 1st Cir.1963), writ refused 160 So.2d 228 (La.1964), the court stated:
*941 “... The article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment, of some legal right, and where the enforcement of the judgment would be unconscientious and inequitable.” (Emphasis Supplied).
See also: Muller v. Michel Lecler, Inc., supra; and Albert v. Lirette, 394 So.2d 761 (La.App. 4th Cir.1981).
Enforcement of a judgment which is not supported by any competent evidence, as in the circumstances presented by the record of this case, would be unconscionable and inequitable. For this reason the judgment in favor of Mrs. Lenard on her third-party demand against Carver must be annulled.
Accordingly, the judgment of the trial court rendered March 25, 1981, is annulled and set aside in the following respect: (1) The judgment in favor of plaintiffs, Dave Williams, Jacob D. Harrison and Norine Gibson, against Carver General Insurance Company is annulled. (2) The judgment in favor of Mrs. Agnes Garibaldi Lenard on her third-party demand against Carver General Insurance Company is annulled. The judgment in favor of plaintiffs, Dave Williams, Jacob D. Harrison and Norine Gibson against Mrs. Agnes Garibaldi Lenard was not appealed nor otherwise attacked and, therefore, maintains its full effect. Further, the judgment of the trial court dated April 7, 1982, denying Carver General Insurance Company the relief sought in its petition for nullity is reversed.
A judgment declared null is as though it were never rendered. La.C.C.P. arts. 2001-2006. Thibodaux v. Burns, 340 So.2d 335 (La.App. 1st Cir.1976). This case, therefore, is remanded to the trial court for further proceedings in accordance with law and the views expressed herein.
REVERSED IN PART, and REMANDED.