GARRISON, Judge.
This is an appeal from a judgment of the First City Court of New Orleans, granting defendant’s exception of no cause of action and dismissing plaintiffs suit. From that judgment which we reverse and remand, plaintiff appeals.
In Wheelahan v. State, 376 So.2d 576 (App. 4th, 1979), this court stated as follows:
“The peremptory exception of no cause of action tests the sufficiency in law of plaintiff’s petition to allow recovery by anyone against the defendants. The exception is triable solely on the face of the petition and any annexed documents or exhibits, with all well-pleaded allegations of fact conceded as true. No evidence may be admitted to support or controvert the exception. The exception must be overruled unless the allegations affirmatively established that under no facts admissible under the allegations of the petition does plaintiff have a cause of action, and any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. La.Code of Civil Procedures, Articles 927(4), 931; Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3rd Cir.1975); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). The petition must set forth the material facts upon which the cause of action is based (C.C.P. Art. 891), and the allegations must be ultimate facts; conclusions of law or fact and evidentiary facts will not be considered. Farrell v. Farrell, 275 So.2d 489 (La.App. 1st Cir.1973); Marmolego v. Fairmont Roosevelt Hotel Co., 301 So.2d 375 (La.App. 4th Cir.1974).” At 577.
In the instant appeal, plaintiffs’ petition provides as follows:
I
“Defendant herein, Charlee Schanzer, domiciled in the Parish of Orleans, State of Louisiana, is indebted to petitioner in the amount of 2,545.00, For this reason:
II
Defendant is the owner of the premises at 1006 Washington Avenue in the city of New Orleans, during the months between May and June, 1980.
III
Petitioner intended to move to New Orleans where petitioner is a Professor of Psychology at the University of New Orleans.
IV
Petitioner wished to rent a luxury apartment i.e., air conditioning, dishwasher, garbage disposal and completely furnished kitchen (in the uptown area).
V
During the months of April and May, 1980, Petitioner looked at several apartments. At this time petitioner came upon 1006 Washington and noticed the sign posted outside which read “One Bedroom luxury apartment for Rent.”
VI
Lured by the posted sign petitioner went inside and talked to the owner-lessor, Charlee Schanzer, who showed petitioner an attic apartment, with 1,200 sq. feet of living space.
VII
Petitioner remarked that the apartment was very hot, however, defendant assured petitioner that the heat would be eliminated when an exhaust fan was installed. Defendant assured petitioner that the ex *871 haust fan together with the two air-conditioners would “take care of the heat”.
VIII
Based on these assurances Petitioner signed a lease at $325.00 per month and gave Ms. Schanzer a damage deposit of $325.00.
IX
Immediately after moving in Petitioner noticed that the temperature in the apartment was extremely high, running at least 3 degrees to 5 degrees above the temperature outside.
X
One air conditioner did not work at all; it eventually was replaced with another air-conditioner which did not work; and petitioner could not cool the apartment with one air conditioner.
XI
The two air conditioners if fully functional could not cool the apartment (Both units totaled 24,000 BTU’s).
XII
Petitioner sought the advice of Home Energy, Inc.: which was without charge; Home Energy Inc. informed Petitioner that at least 48,000 BTU’s would be necessary to cool the apartment.
XIII
Petitioner informed Ms. Schanzer about the Home Energy estimate. Defendant remarked that she had other priorities and she did not have enough money to take care of both.
XIV
Defendant later installed another air conditioner which did not cool at all.
XV
Petitioner found the heat to be unbearable averaging 95 degrees during the day, 90 degrees at night. Because of the heat defendant found it necessary for reasons of health to leave the apartment.
XVI
During this period petitioner suffered severe to moderate headaches requiring daily aspirin and other therapy; nervous frustration and anxiety; constant uncom-fort.
XVII
Petitioner also suffered extreme inconvenience, embarrassment and humiliation for reasons to numerous to mention which will be brought out at trial.
XVIII
Petitioner has suffered pecuniary loses; to wit:
$ 425.00 Rent from May 15 through June 30
60.00 phone installation
20.00 phone transfer fee
20.00 truck rental
20.00 payment to mover
500.00 mental anguish
250.00 inconvenience
1,000.00 pain and suffering
250.00 humiliation and embarrassment
$ 2,545.00 TOTAL
XX
Petitioner avers that but for the advertisement and assurances of defendant that said apartment was a luxury air-conditioned dwelling, Petitioner would not have leased this apartment.
XXI
Defendant knew or should have known that her facilities were inadequate to cool the apartment; notwithstanding defendant leased the apartment.
XXII
Defendant was not educated nor trained to do an adequate job, and therefore en *872 gaged in a trial and error attempt to prepare this apartment and did so negligently by not seeking or employing expert advice, which was available, before advertising this dwelling as a luxury apartment ready for occupancy.
XXIII
“Petitioner avers that defendant knew or should have known the condition of this apartment and engaged in misrepresentation in order to lease said apartment to the detriment of petitioner.”
Resolving any doubts as to the sufficiency of the pleadings in favor of plaintiff, we find that under facts admissible under the petition, as well pleaded, plaintiff does have a cause of action. Plaintiff makes a detrimental reliance argument on the basis of defendant’s false and misleading advertising and seeks an award, for monetary reimbursement for damages.
For the reasons discussed, the judgment of the district court granting the exception of no cause of action is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.