444 So.2d 767 (1984)
Cecilia ZUVICEH, et al.
v.
Frank RODRIGUEZ.
No. CA-0381.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
*768 Marco A. Rosamano, New Orleans, for defendant-appellant.
Elliot G. Snellings, New Orleans, for plaintiffs-appellees.
Before KLEES, AUGUSTINE and LOBRANO, JJ.
AUGUSTINE, Judge.
Plaintiff-Appellees, Cecilia and Fred Zuviceh, filed a petition against Frank Rodriguez, Appellant, claiming that their business was damaged by a fire which started on Rodriguez's property. The petition stated that the fire was caused by and spread because of Rodriguez's negligence. A default judgment was rendered in this matter on June 5, 1981. After the time for an appeal had run Rodriguez filed a petition for annulment of a final judgment. In response, the Zuviches filed an exception of no cause of action which was granted by the trial court. The petition to annul was amended and the Zuviches again filed an exception of no cause of action. The trial court granted the exception and Mr. Rodriguez appeals. We affirm.
In ruling on an exception of no cause of action all well-pleaded facts in the petition must be accepted as true, and any doubts resolved in favor of a finding that the pleadings are sufficient to state a cause of action. Thomas v. Schanzer, 433 So.2d 869 (La.App. 4th Cir.1983).
The facts as recited by appellant's petition are that a report of the Fire Marshall of the City of New Orleans was the only evidence introduced concerning the cause of the fire; that the Fire Marshall's report, as offered at the default confirmation hearing, was hearsay; and that the trial judge was deceived into believing that the report was not hearsay and therefore competent evidence.
It has been stated that,
La.C.C.P. arts. 2001-2006 provide the grounds for an action of nullity. These are the exclusive grounds for nullity of judgment. The facts alleged in the petition for nullity, therefore, must show entitlement to annullment based solely on these grounds. An action for nullity cannot be substituted for a timely appeal. LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3d Cir.1980) and cases cited therein. Consequently, those issues not exclusively provided for in La. C.C.P. Arts. 2001-2006 will not be considered.

Williams v. N.Y. Fire and Marine Insurance Company, 427 So.2d 938, 939 (La. App. 4th Cir.1983) (emphasis added).
The appellant claims that since hearsay evidence was used to establish a prima facie case, the default judgment is invalid under LSA-C.C.P. art. 2002 which states that "A final judgment shall be annulled if it is rendered: ... (2) against a defendant... against whom a valid judgment by default has not been taken..."
It is true that "hearsay evidence does not sustain the burden of proving a prima facie case." Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980) [citations omitted]. However, it is well established that art. 2002 is the basis for annulment of judgments only when there are technical defects of procedure or form. Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521 (1954). Here the plaintiff does not allege any such defect in the judgment. As stated in Williams, an action for nullity cannot be substituted for a timely appeal. Thus the trial court was correct in refusing to annul its judgment under art. 2002.
In addition, the plaintiff claims that the judgment is subject to annulment because the defendant was guilty of ill practice *769 within the meaning of LSA-C.C.P. art. 2004. Article 2004 states "that a final judgment obtained by fraud or ill practice may be annulled."
The courts have taken a broad view of what constitutes "ill practice":
The article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment, of some legal right, and where the enforcement of the judgment would be unconscientious and inequitable.
Tapp v. Guaranty Finance Company, 158 So.2d 228, 233 (1st Cir.1963).
We are of the opinion that appellant's allegations are insufficient to establish grounds for annulment under art. 2004. We cannot say that, as a matter of law, the use of hearsay testimony to prove an essential element of a case constitutes ill practice. Hearsay testimony which is received without objection becomes part of the evidence in the case, and may be used as proof to the extent that it has probative value. McCormick on Evidence § 54 (2d ed. 1972). See also Pugh, Work of the Appellate Courts, 1975-76 Term, Evidence, 37 La.L.Rev. 611 (1977) citing Coleman v. Victor, 326 So.2d 344 (La.1976). It would contradict the foregoing principle to hold that an attorney commits ill practice by submitting hearsay evidence in a default confirmation hearing. Thus we must conclude that a judgment based on such evidence cannot be annulled under art. 2004.
Because we are of the opinion that the plaintiff failed to establish a cause of action for the annulment of a judgment under L.S.A.-C.C.P. Arts. 2002 and 2004 we must affirm the trial court's decision.
For the foregoing reasons the exception of no cause of action is affirmed.
AFFIRMED.