DOUCET, Judge.
MOTION TO DISMISS
The appellee, Patrick Derouen, moves to dismiss the appeal of appellant, Clifton Du-pont, on the grounds that the appeal was untimely. We agree the appeal must be dismissed, but this dismissal is based on grounds other than the timeliness of the appeal.
The instant appeal arises from several suits which were consolidated. The consolidated cases dealt with certain immovable property. This property had belonged to appellant but was sold to appellee at a judicial sale. Located on this property was certain movable property to which appellant claimed ownership.
By a judgment signed on September 18, 1986, appellant was given ninety (90) days from August 20,1986, to remove the movable property. This judgment was in accordance with an oral stipulation which had been made in open court on August 20th. No motion for a new trial was filed nor was an appeal sought to be taken from this judgment.
On February 6, 1987, appellant filed a petition in this proceeding attempting to have the judgment of September 18, 1986, annulled. Appellant also filed an amendment to his petition to annul the judgment on March 23, 1987. These petitions alleged, among other things, that the judgment of September 18, 1986, had been the result of ill practices as provided in La. Code Civ.Proc. art. 2004 and that the use of August 20, 1986, as the commencement date for the ninety (90) day period to remove the movable property was improper.
Following the filing of various other pleadings and the holding of a hearing on November 19, 1987, the trial court denied appellant’s petition to annul the judgment by a judgment signed on December 3,1987. Appellant’s motion to appeal this judgment was granted on December 22, 1987. However, appellant withdrew this motion on December 28, 1987.
On January 12, 1988, appellant filed a “Motion for Rehearing and Rule to Dissolve Judgments Dated the 18TH Day of September, 1986 and Judgment Dated 3RD day of December, 1987”. After more pleadings had been filed in this matter, a hearing was held on March 7, 1988. By an order signed by the trial court on March 30, 1988, appellant’s motions, rules, and claims, including the motion for rehearing and rule to dissolve judgments, were denied and dismissed. Appellant was granted an appeal from the March 30, 1988 judgment by an order signed by the trial court on April 26, 1988. It is the appeal from this judgment which appellee seeks to have dismissed.
Appellee asks this court to dismiss appellant’s appeal as untimely. However, the suit records reveal that the order for ap *386 peal from the March 30, 1988, judgment was signed on April 26, 1988. Thus, the appeal from this judgment was timely. See La.Code Civ.Proc. arts. 2087 and 2123.
In spite of the timeliness of the order for appeal, the instant appeal must be dismissed due to the fact that no appeal can be taken from the judgment of March 30, 1988. As is aptly pointed out in appellee’s motion to dismiss this appeal and as clearly shown from the record of this suit, the judgment of March 30, 1988, dealt primarily with issues which had been decided by the earlier judgments dated September 18, 1986, and December 3, 1987. There were certain allegations regarding the December 3, 1987 judgment which were basically the same as the ones raised earlier in the case, but were now being raised to challenge the December 3rd judgment rather than the September 18th one.
Appellant has chosen to pursue his case in proper person; therefore, his pleadings do not always exactly fit with the procedural mechanisms ordinarily employed in our courts. Thus, appellant’s Motion for Rehearing and Rule to Dissolve Judgments can be perceived to be either a motion for a new trial or an attempt to annul the earlier judgments in this suit. Under either interpretation, the motion could not be legally made.
If the motion is taken as a motion for a new trial, then appellant’s motion was untimely. The motion was filed on January 12, 1988, but the judgments challenged were dated September 18, 1986, and December 3, 1987. Notice of the September 18th judgment was sent on September 19, 1986, and notice of the December 3rd judgment was sent on December 16, 1987. The seven (7) day time delay for applying for a new trial had already run by the time appellant filed his motion for a rehearing. La.Code Civ.Proc. art. 1974. In passing, we also note that, as appellee pointed out in his motion to dismiss, the appeal delays from these judgments have also run. La. Code Civ.Proc. arts. 2087 and 2123.
Now, we turn to a consideration of appellant’s motion to dissolve the judgments as an attempt to have these judgments annulled. This court will not reach the question of whether the one year limitation of La.Code Civ.Proc. art. 2004 had run at the time the motion was filed. Instead, this appeal is dismissed because this court cannot grant appellant any relief as there can be no right to an appeal from a judgment denying a motion which is not allowed by law to be raised.
La.Code Civ.Proc. arts. 2001, et seq., provide the means for having a judgment declared a nullity. While an absolute nullity can be raised at any time in any proceeding (La.Code Civ.Proc. arts. 2002 and 2003), relative nullities must be decreed within a certain period of time. La.Code Civ.Proc. art. 2004. Appellant, in challenging the judgments rendered earlier in this suit, did not allege any of the vices provided in C.C.P. art. 2002. To the contrary, appellant expressly stated that these judgments were being challenged on the bases of fraud and ill practice. The jurisprudence in this area is clear that an action to assert the relative nullity of a judgment must be brought by a direct action. Ledford v. Pipes, 507 So.2d 9 (La.App. 2nd Cir.1987) and LeGlue Buick, Inc., v. Smith, 390 So. 2d 262 (La.App. 3rd Cir.1980). By a “direct action”, it is meant that there be a petition, citation, and service. LeGlue Buick, Inc., supra.
In the instant case, appellant merely filed a motion in the trial court in suits wherein all prior judgments had become final. Appellant was, in essence, filing a “motion” which does not exist as a matter of law. Therefore, there can be no right to an appeal. La.Code Civ.Proc. art. 2162. Even if this court were to hear this appeal, we could not grant appellant any relief.
The instant appeal is hereby dismissed at appellant’s cost.
MOTION GRANTED. APPEAL DISMISSED.