622 So.2d 693 (1993)
SUCCESSION OF Phillip SCHULZ, Phillip J. Schulz, and William J. Schulz.
No. 92-CA-2633.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
Rehearing Denied September 15, 1993.
*694 Lawrence J. Fritz, Metairie, for appellant.
Carole A. Breithoff, Danner and Breithoff, Metairie, for appellee.
Before KLEES, BYRNES and WALTZER, JJ.
BYRNES, Judge.
Fay Schulz is the only child of William L. Schulz (incorrectly named William J. Schulz by the administratrix in the succession proceeding.) William L. Schulz was one of the eight children of Phillip Schulz. In 1920, William L. Schulz, his father Phillip, and his brother Phillip J. Schulz purchased real property situated at 2229 Bienville Avenue, which served as a residence for the family. Each had a (1/3) one-third interest in the property. Fay Schulz is heir[1] to her father's one-third (1/3) interest and also heir through representation of a one twenty-fourth (1/24) interest, her father's one-eighth interest in his parents' one-third interest in the property, for a total of three-eighths.
William L. Schulz moved from the family home in 1924. His sister, appellant-administratrix, Catherine Schulz occupied the home from the date of purchase until sometime in 1987.
Phillip Schulz died in 1927. William L. Schulz died in 1983 and Phillip J. Schulz died long ago, perhaps in 1939. (The record is unclear.) None of the successions of the co-owners were ever opened, and all died intestate.
In September of 1987, Catherine Schulz filed a petition against her co-heirs for possession of the property by prescription in Civil District Court proceeding number 87-17061. Fay Schulz and three other descendant heirs of her grandfather, Phillip Schulz, filed exceptions of no cause of action. The exceptions were never set for trial.
While the acquisitive prescription proceeding lay dormant, Catherine Schulz, without any notice to Fay Schulz, filed a petition for administration of the successions of the three original owners of the property, including Fay Schulz's father, William. This petition was assigned a different number and allotted to a different division of court from the acquisitive prescription proceedings, and Fay Schulz was unaware of its existence. Catherine Schulz was appointed administratrix of these successions.
*695 The only asset which the administratrix listed in the successions was the Bienville Street real property, for which she had obtained an appraisal for seventy-three thousand ($73,000) dollars.
Catherine Schulz sold the property at private sale for fifty thousand ($50,000) dollars, and paid the entire net proceeds to herself and her attorney as a creditor of the successions.
The tableau of distribution lists a number of debts of the successions, some dating back almost fifty years, the total of which exceeds the value of the assets. Catherine Schulz's name is not listed as a creditor in the tableau of distribution; the administratrix did not reveal to the court that she was the sole creditor of the successions, and recipient of all of the proceeds of the sale.[2]
None of the heirs was ever served with any of the succession proceedings. Fay Schulz learned that the house was sold when it was reported in the real estate transfers of the newspaper.
In August of 1990, Fay Schulz filed suit to annul the judgment of October 1989, homologating the tableau of distribution, by virtue of which she was dispossessed of her property. The petition also seeks damages for mismanagement of the estate by the administratrix, Catherine Schulz.
The administratrix filed an answer, styled "OPPOSITION TO PETITION OF FAY SCHULZ."
Fay Schulz filed a motion to set her suit to annul for trial on the merits.
The acquisitive prescription suit and the suit in the succession proceeding were consolidated.
Catherine Schulz dismissed the proceeding for possession by prescription prior to trial. By stipulation of counsel for both parties, the case was submitted for judgment on the merits based upon plaintiff's exhibits, the memoranda already filed, and additional memoranda to be filed by both parties.
Judgment was rendered in favor of Fay Schulz, and against Catherine Schulz, annulling the judgment homologating the tableau of distribution and condemning Catherine Schulz to pay Fay Schulz $27,375 which represents her three-eighths interest in the $73,000 appraised value of the succession property that was sold. Catherine Schulz appeals and Fay Schulz answered that appeal claiming damages for a frivolous appeal.
A final judgment obtained by fraud or ill practices may be annulled. LSA-C.C.P. art. 2004. Such a judgment is not an absolute nullity. LeGlue Buick, Inc. v. Smith, 390 So.2d 262, 264 (La.App. 3 Cir.1980). To annul a judgment obtained by fraud or ill practices a direct action, i.e., a new and separate proceeding, must be brought for that purpose in the court which rendered the judgment. Id. at 264. Such a nullity may not be asserted collaterally. Id. at 264. See also Knight v. Sears, Roebuck & Co., 566 So.2d 135, 137 (La.App. 1 Cir.1990). Filing a petition of nullity of judgment in existing proceedings, including the proceedings in which the judgment complained of was rendered is not a direct action. It is a collateral attack. LeGlue Buick, Inc., at p. 264.
Plaintiff, Fay Schulz filed her petition to annul in the existing succession proceedings in which the judgment complained of was rendered. It is, therefore, a collateral attack on that judgment. Thus the questions of fraud and ill practices raised by plaintiff are insufficient in themselves to sustain plaintiff's claim, as such issues are only sufficient to support a direct action in nullity. In LeGlue Buick, Inc., the court stated that:
The petition for nullity was filed in the record of an ongoing proceeding, and sought to be made a part of those proceedings in the record of an ongoing proceeding, and sought to be made a part *696 of those proceedings. The only judgments which may be collaterally attacked are those which are absolutely null because of a vice of form as provided in LSA-C.C.P. art. 2002.
* * * * * *
Appellants, having failed to prove that the judgment complained of is an absolute nullity, have no right to collaterally attack that judgment in these proceedings. LeGlue Buick, Inc., 390 So.2d 262, 264, 265 (La.App. 3 Cir.1980).
However, in the instant case defendant's failure to notify the plaintiff raises an issue of absolute nullity pursuant to LSA-C.C.P. art. 2002(2) which may be brought collaterally at any time before any court. First Nat. Bank v. Rall, 607 So.2d 716, 717 (La.App. 4 Cir.1992). Nethken v. Nethken, 307 So.2d 563 (La.1975).
Plaintiff's petition to annul the judgment homologating the tableaux of distribution constitutes a collateral attack on that judgment which may be asserted in the existing succession proceedings.
In the more recent case of Webster v. Boh Bros. Const. Co., Inc., 603 So.2d 761 (La.App. 4 Cir.1992) plaintiff filed a "Motion to Nullify Amended Judgment" in the same proceedings in which the judgment was rendered. This Court held that:
The plaintiff in the instant case improperly filed a "Motion for Nullity," a procedural device which does not exist under Louisiana law.
The jurisprudence in this state clearly distinguishes between the procedural requirements for seeking annulment of an absolute nullity, as opposed to the requirements for seeking annulment of a relative nullity. A separate, direct action for nullity under La.C.C.P. arts. 2001-2006 is necessary only when the complained-of judgment is a relative nullity because of "fraud or ill practice," based on La.C.C.P. art. 2004. Ledford v. Pipes, 507 So.2d 9, 11 (La.App. 2 Cir. 1987). However, "[a]n absolute nullity may be asserted by any person with interest in a collateral proceeding at any time and before any court, without resort to an actio, of nullity." Id. at 10-11.
* * * * * *
The amended judgment is an absolute nullity.... For that reason, the plaintiff was not required to bring a separate, direct action for nullity in order to have the nullity of the judgment recognized. The fact that the plaintiff incorrectly filed a "Motion for Nullity," rather than a "Petition for Nullity," thus should not control the out-come of the case. Under the circumstances, the trial judge incorrectly denied the plaintiff's motion for nullity. The plaintiff was entitled to recognition of the fact that the amended judgment was absolutely null even though he failed to file a separate, direct Petition for Nullity.
Plaintiff cited Succession of Menendez, 238 La. 488, 115 So.2d 829 (1959); Succession of Trouard, 281 So.2d 863 (La.App. 3 Cir.1973); and Succession of Ziifle, 441 So.2d 266 (La.App. 5 Cir.1983) in support of the proposition that a separate direct action was not required to annul a judgment for fraud or ill practices pursuant to LSA-C.C.P. art. 2004. Although it appears that the courts that decided these cases did not require the nullity to be asserted in a direct action in a separate proceeding, there is no mention of the issue in those opinions. It must be assumed that the issue was never raised by the litigants or considered by those courts. Therefore, these cases are not persuasive.[3]
*697 No one may be appointed administratrix who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the deceased. LSA-C.C.P. art. 3097(B). Catherine Schulz cannot claim any such relationship to her brother William L. Schulz whose only child Fay Schulz survives and is the plaintiff. There is no evidence in the record that she can claim any such relationship to her brother Phillip J. Schulz, who was survived by his only child Mary Schulz Alford. Although she had herself appointed administratrix based upon relationship, she was not properly qualified as such regarding her brothers' successions. Moreover, it was in her capacity of creditor that she appropriated the entire net proceeds of the sale of their 1/3 interest each in 2229 Bienville Avenue which was the only asset in their successions. Although as a surviving child and heir of Phillip Schulz she could qualify as an administratrix of his succession, the only thing she did in that succession was appropriate to herself as creditor the entire net proceeds of his 1/3 interest in the same piece of property. Regardless of the fact that Catherine Schulz's application for appointment as administratrix referred to her family relationships the effect and substance of her actions were those of a creditor accepting the succession, not those of an heir. It follows that Catherine Schulz must adhere to the standards of a creditor/administratrix.
Therefore, her failure to "cite" the "debtor", i.e., heirs, pursuant to LSA-C.C. art. 1071 renders the judgment homologating the tableaux of distribution absolutely null. LSA-C.C.P. art. 2002(2). A newspaper advertisement does not fulfill the notice requirements of LSA-C.C. art. 1071.
As the judgment homologating the tableaux of distribution was an absolute nullity plaintiff was free to assert that nullity at any time and before any court, including these proceedings in which the judgment was rendered.
Catherine Schulz requested the trial court to give written reasons for judgment. The only written reason given was that Fay Schulz did not receive proper notice of the transfer of property that belonged to her. Catherine Schulz contends that LSA-C.C.P. art. 1917 and 1812 require that the reasons be more elaborate, addressing such issues as fault and negligence. The second paragraph of LSA-C.C.P. art. 1917 provides that:
In nonjury cases to recover damages for injury, death or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code. These findings need not include reasons for judgment.
We hold that the above quoted language does not apply. This is not a claim grounded in negligence or injury. The reason given by the trial court is adequate.
For the foregoing reasons the judgment of the trial court is affirmed. Fay Schulz's *698 claim for damages for frivolous appeal is denied.
AFFIRMED.
NOTES
[1] By bringing this suit to annul the judgment of the trial court and defending against the prescriptive claim Fay Schulz has effectively accepted the succession of her father. LSA-C.C. art. 988.
[2] In her capacity of administratrix, Catherine Schulz failed to question the validity of any of these debts even though many had prescribed on the face of the record, and the balance were of such apparent dubious validity that it would have been her fiduciary duty to at least challenge them.
[3] We feel that the prohibition that has developed in the jurisprudence against bringing an LSA-C.C.P. art. 2004 action for nullity for fraud or ill practices in the same proceedings in which the judgment was rendered is needlessly technical and restrictive. There is no compelling reason requiring such a technical rule. No article in the Code of Civil Procedure requires it. Our Supreme Court has never addressed the issue directly. It appears to have arisen from Official Revision Comment (d) to LSA-C.C.P. art. 2004:

"No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. (Citations omitted)" Emphasis added.
The problem has arisen in connection with the terms "direct action" and "collaterally". The definition of "direct action" has been expanded to require that a petition to annul be filed in an entirely new and separate proceeding. The definition of "collaterally" has been expanded to include the proceeding in which the judgment was rendered. We believe that "collaterally" was intended to apply only to proceedings other than those in which the judgment complained of was rendered and which were not brought for the purpose of annulling the judgment. For example, a judgment of possession in a succession could not be annulled for fraud or ill practices in a petitory action in which that judgment forms part of the chain of title. But we see no reason why a petition for nullity could not be filed in the succession itself as long as all proper parties are designated and served as with any other petition and citation. In fact, that is probably the best place to file as that will be where all the records will most likely and conveniently be found. That judge will be most familiar with the case. Such a petition should be considered a "direct" action, not a collateral action.
The requirement for a "direct action" should mean only that such fraud and ill practices cannot be asserted obliquely, for example, as defenses in an answer, etc., in another proceeding in which the judgment may have some impact, i.e., a true collateral proceeding as discussed previously.