GAUDIN, Judge.
This is an appeal from a district court judgment which nullified a prior default judgment because the defendant had not been properly served. We affirm.
The trial judge factually found that the defendant, John Branson, had been served with a copy of the supplemental and amending petition but not with the original petition filed by the plaintiff, Sheryl L. Dickinson. Branson was not named a defendant when the original petition was filed.
Appellant Dickinson also argues that even if Branson did not receive full legal service, he subsequently made general appearances in the proceeding and thereby waived any right to challenge defects in citation and service of process.
The record, particularly the testimony of the process server and the deputy clerk of court, supports the trial judge’s determination that the original petition was not attached to the papers served on Bran-son. We see no manifest error in this finding as required by Rosell v. ESCO, 549 So.2d 840 (La.1989).
Service of a supplemental and amending petition without the original petition is defective service of process. See Grant v. McGee, 411 So.2d 1191 (La.App. 4 Cir.1982). The proper procedural remedy following a judgment without proper service is an action in nullity, which Branson filed here. See LSA-C.C.P. art. 2002(2); also, Mitchell v. Crane, 485 So.2d 613 (La.App. 4 Cir.1986),
After Branson was served with the supplemental and amending petition, he appeared (1) in response to a motion to compel discovery and (2) by filing an answer to a cross-claim. Such appearances do not preclude an action in nullity under Art. 2002(2). Cases cited by appellant have dissimilar procedural facts.
Branson was required to respond to the motion to compel discovery, otherwise he would face a contempt of court charge; and his cross-claim answer (to a pleading filed by the National Society of Health) was necessary to prevent a legitimate default as this petition had been legally served. In neither instance can it be said that Branson voluntarily acquiesced to the default judgment.
The default judgment entered against Branson was an absolute nullity. The district judge acted appropriately. We remand for further proceedings, with appellant to bear costs of this appeal.
AFFIRMED.