# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-13

**ADRIAN C. ARDOIN, SR.**

**VERSUS**

**KURT DAILY (KIRK SHANE DALEY)**

********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON DAVIS, NO. C 446-08
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

********

**J. DAVID PAINTER**
**JUDGE**

********

Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

**REVERSED, RENDERED, AND REMANDED.**

John Green, Jr.
1135 Hodges Street
Lake Charles, La.
Counsel for Defendant-Appellant:
    Kirk Shane Daley

Janice H. Barber
Jennifer K. Barber
P.O. Box 1909
Sulphur, La. 70664
Counsel for Plaintiff-Appellee:
    Adrian C. Ardoin, Sr.

**PAINTER, Judge.**

Asserting that he was never served with the original petition, Defendant, Kirk Shane Daley, appeals the dismissal of his petition for nullity of a default judgment entered by the trial court. For the following reasons, we reverse the judgment of the trial court, render judgment vacating the default judgment, and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

On May 22, 2008, Plaintiff filed a petition for damages naming Daley as Defendant and alleging that he sustained damages as a result of a battery committed on him by Defendant. The petition was marked "Please withhold service at this time." On August 4, 2008, a supplemental and amending petition was filed, correcting Defendant's name to Kirk Shane Daley. The supplemental and amending petition was served on Defendant on August 8, 2008. Plaintiff moved for a preliminary default on February 3, 2009 and a default judgment was entered on February 17, 2009. Defendant filed a petition for nullity of the judgment alleging that inasmuch as he was served only with the supplemental and amending petition, the requirements of La.Code Civ.P. art. 1201 were not fulfilled and the judgment was an absolute nullity. Additionally, he filed a declinatory exception of insufficiency of service of process and a motion to dismiss for failure to serve the original petition within the ninety (90) day period required by La.Code Civ.P. art. 1201(C). The trial court denied the petition for nullity and declared the other issues to be moot. Defendant appeals.

1

**DISCUSSION**

*Default Judgment*

Louisiana Code of Civil Procedure Article 1201 provides that all actions must

be served:

A. Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code. Without them all proceedings are absolutely null.

B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record.

C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

Louisiana Code of Civil Procedure Article 1202 sets out the requirements for

a valid citation and service:

The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:

(1) The date of issuance;

(2) The title of the cause;

(3) The name of the person to whom it is addressed;

(4) The title and location of the court issuing it; and

(5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing

2

a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.

Plaintiff asserts Defendant's failure to file an exception to the lack of service constitutes a waiver of service. We disagree. Without service of process, the trial court may not exercise personal jurisdiction over a defendant.

A. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. The exercise of this jurisdiction requires:

(1) The service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201.

(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state.

(3) The submission of the party to the jurisdiction of the court by commencing an action or by the waiver of objection to jurisdiction by failure to timely file the declinatory exception.

B. In addition to the provisions of Paragraph A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and with the Constitution of the United States.

La.Code Civ.P. art. 6.

We agree with the comments of the first circuit in *River City Fed. Sav. Bank (The Cadle Co.) v. Video Assoc., Inc.*, 01-2453, p. 5 (La.App. 1 Cir. 11/8/02), 835 So.2d 781, 784, *writ denied*, 02-2966 (La. 4/25/03), 842 So.2d 396, with regard to personal jurisdiction:

This court recently addressed the importance of personal jurisdiction, a tenet that we guard very closely.

The requirement that a court have personal jurisdiction flows not from Article III of the U.S. Constitution, but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It

3

> represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.
>
> *Sanders v. Sanders*, 2000-2899, p. 4 (La.App. 1 Cir. 2/15/02), 812 So.2d 749, 752, *writ denied*, 2002-1145 (La.6/14/02), 818 So.2d 780 (citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)).

In the case *sub judice*, it is undisputed that Defendant was never served with the original petition. However, Defendant was served, within the ninety day period of La.Code Civ.P. art 1201(C), with a supplemental and amending petition that set out all the essential elements of Plaintiff's cause of action. There was no *express* waiver of service. Defendant filed nothing in the record until the petition for annulment. We can find no jurisprudence, including that cited by Plaintiff, in which an unserved party was found to have waived service and citation without having taken some type of action on the record of the case prior to judgment. In *River City Fed. Sav. Bank (Cadle Co.),* 835 So.2d 781, a case in which as here, a judgment was rendered against a defendant who was served with a supplemental petition and was never served with the original petition, the first circuit found that the district court had no personal jurisdiction over the defendant and that, as a result, the judgment rendered was an absolute nullity.

Applying the reasoning of *River City* to the case before us, we conclude that the trial court did not have personal jurisdiction over Defendant. Therefore, the court erred in denying the petition to annul the default judgment and we vacate that judgment.

*Dismissal*

Defendant further asserts that the action should be dismissed for failure to serve within 90 days. However, as we have noted, a supplemental and amending

4

petition setting out the essential elements of the cause of action was filed and served within the 90 day window for serving the original suit. During that time prescription was suspended. Although not a cure for the failure to serve, the service of the supplemental and amending petition was, in this case, sufficient to preserve the action.

The Louisiana Supreme Court in *Bordelon v. Medical Center of Baton Rouge*, 03-0202 (La. 10/21/03), 871 So.2d 1075, found that unless a plaintiff acts in bad faith in failing to serve the petition, the interruption of prescription effected by the initial filing continues such that a suit filed in the interim is not considered untimely filed. Defendant here has shown no bad faith on the part of Plaintiff. Accordingly, we find that the suit need not be dismissed, although service of the original petition is required in order to proceed to judgment.

## CONCLUSION

The judgment of the trial court is reversed. Judgment is rendered granting the petition to annul and vacating the default judgment. The case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the Plaintiff-Appellee.

**REVERSED, RENDERED, AND REMANDED.**