JOY COSSICH LOBRANO, Judge.
| defendant, Tyrann Mathieu, appeals the March 25, 2014 trial court judgment, adjudicating him as the biological father of a son born to Megan Veronica Edwards on January 28, 2013, and establishing child support and other financial obligations to be paid by Mathieu for the minor child. This judgment was obtained by default. At the top of the judgment, where the trial court referenced the appearances at the hearing in this matter, the trial court stated that Mathieu was absent from the hearing “despite long-arm service effected on January 21, 2014.” Notwithstanding this notation, we find the record void of competent evidence to establish service on the defendant and reverse the judgment of the. trial court.
On October 9, 2013, Megan Veronica Edwards, as the natural tutrix of a minor child born to her on January 28, 2013, filed a petition to establish paternity and obtain child support. The defendant named in the petition is Tyrann Mathieu, the alleged biological father of the child. The petition includéd a notation to hold service. On October 10, 2013, the trial court signed an order for Mathieu to appear |2and show cause why genetic testing should not be ordered, why he should not pay all costs of the testing and attorney’s fees, why he should not be recognized as the biological and legal father of the minor child, and if adjudicated as the legal father, why he *112 should not be ordered to obtain health insurance coverage for .the child and pay child support. This order also had a notation to “Please Hold Service.”
On December 12, 2013, Tonya Johnson, Edwards’ attorney, sent a letter to the Clerk of Court for Orleans Parish, “requesting Citation for Service Via Long Arm to Tyrann Mathieu at the following address: Tyrann Mathieu, Arizona Cardinals, P.O. Box 888, Phoenix, Arizona 85001-0888.” 'On January 10, 2014, Johnson filed an “Affidavit of Service Via Long Arm Statute.” In this affidavit, Johnson stated that Mathieu was mailed a citation and service issued by the Orleans Parish Clerk of Court on December 12, 2013. The affiant further stated that Mathieu is employed by the Arizona Cardinals and was served at his place of employment, which was stated as P.O. Box 888, Phoenix, Arizona. She also stated that Mathieu was served with the petition to establish paternity and obtain child support, and that the petition was delivered on December 16, 2013.
Attached to Johnson’s affidavit is a receipt from the United States Postal Service, showing that the Johnson & Johnson Law Office sent an Express Mail delivery on December 12, 2013 to “Tyrann Mathieu, Arizona Cardinals, P.O. Box 888, Phoenix, AZ 85001-0888.” Also attached is a January 9, 2014 letter from the United States Postal Service to Johnson, indicating that the Express Mail item mailed by her to Mathieu was delivered on December 16, 2013 to “L. Grayiano.” | sThe letter included a scanned image of the recipient information, including the recipient address of “P.O. Box 888.” The scanned image on the letter of the signature of the recipient is not completely legible.
On January 10, 2014, Edwards filed a “Motion to Reset Hearing on Petition to Establish Paternity and Obtain Child Support,” which request was based on the fact that Mathieu was not served with the petition and notice of the hearing on the same within the time limits required under the law. The service instructions for this motion were that Mathieu was to be served via long-arm service, through his employer, Arizona Cardinals, at P.O. Box 888 in Phoenix, Arizona 85001-0888.
On January 30, 2014, Johnson, Edwards’ attorney, filed another “Affidavit of Service Via Long Arm Statute,” stating that Mathieu was served with the motion by Express Mail on January 21, 2014. Johnson attached the receipt of an item sent by United States Post Office Express Mail to Mathieu at the Arizona Cardinals address of P.O. Box 888 in Phoenix, Arizona. She also attached a January 28, 2014 letter from the United States Postal Sendee to Johnson, stating that the item was delivered on January 21, 2014 to P.O. Box 888 in Phoenix, Arizona, and was signed for by “L. Graziano.” [1]
On March 25, 2014, the trial court held a hearing on Edwards’ petition to establish paternity and obtain child support. At the beginning of the proceeding, the trial court asked if Mathieu was present, and Edwards’ attorney responded that |4he was not. The judge then asked if there had been service of process on Mathieu, and Edwards’ attorney responded, “Yes.” The trial court stated that Edwards would be allowed to proceed by default, and further stated that, “I understand that Mr. Math-ieu was served by long arm service.” The *113 court entered judgment on that same date, March 25, 2014, stating that Mathieu was absent from the proceedings “despite long-arm service effected on January 21, 2014.” In the judgment, the trial court adjudicated Mathieu as the biological father of Edwards’ minor child. The judgment also ordered Mathieu to pay costs incurred by Edwards for DNA paternity testing and to pay child support and maintain health insurance for the minor child. Mathieu was further ordered to obtain a life insurance policy with the minor child named as the beneficiary and to reimburse Edwards for daycare expenses.
On April 11, 2014, Mathieu filed a petition for nullity of the March 25, 2014 default judgment, alleging that it should be annulled for vices of form in addition to fraud and/or ill practice, as it was obtained in violation of La. R.S. 13:3205.[2] Specifically, he alleged that the service upon him at the post office box of his employer, with someone signing for the mailing who is not an agent of Mathieu, was improper service on a nonresident of Louisiana. Because of his allegation that he was not properly served, Mathieu argued that the judgment rendered against him on March 25, 2014 is an absolute nullity. Edwards answered the petition for nullity, and a hearing date was set. However, no hearing was held on the petition |sfor nullity prior to this appeal. Mathieu’s attorney states, in her appeal brief, that the parties agreed to continue, without date, the hearing on Mathieu’s petition for nullity.
On April 17, 2014, Mathieu filed a timely motion for appeal of the March 25, 2014 trial court judgment. The motion was granted, and this appeal followed.
On appeal, Mathieu argues that the trial court erred in entering judgment against a nonresident defendant who had not been properly served pursuant to the Louisiana Long-Arm Statute, La. R.S. 13:3201 et seq.
La. R.S. 13:3201, entitled “Personal Jurisdiction over Nonresidents,” provides, in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
[[Image here]]
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
La. R.S. 13:3204 sets forth the manner for serving a nonresident defendant under the long-arm statute as follows:
A. In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of [fithis state or by an individual designated by the court in which the suit is filed, or by one authorized by the law *114 of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.
C. . Service of process so made has the same legal force and validity as personal service on the defendant in this state.
D. For purposes of this Section, a “commercial courier” is any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type, and which:
(1) Acquires a signed receipt from the. addressee, or the addressee’s agent, of the letter or parcel upon completion of delivery.
(2) Has no direct or indirect interest in the outcome of the matter to which the letter or parcel concerns.
The proof of service of process required before a default judgment can be entered against a nonresident defendant is set forth in La. R.S. 13:3205, as follows:
No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or, other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:
(1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or
(2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier’s confirmation of delivery; or
(3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.
|7The “Affidavit of Service Via Long Arm Statute” filed by Edwards’ attorney on January 30, 2014, and the attachments thereto, show that the “Motion to Reset Hearing to Establish Paternity and Obtain Child Support” filed against Mathieu was delivered to the post office box of his employer, Arizona Cardinals, and that someone with the last name of Graziano signed for the mailing. Neither the affidavit nor the signed receipt includes any statement further identifying Graziano or explaining his relationship to Mathieu.
The requirements of La. R.S. 13:3205 are to be strictly construed. Dean v. Waters, 95-2365, 95-2352, p. 8 (La.App. 4 Cir. 12/14/95), 667 So.2d 1137, 1141. “A judgment obtained without strict compliance with La. R.S. 13:3205 is an absolute nullity.” Moody v. Stevenson, 43,144, p. 5 (La.App. 2 Cir. 3/26/08), 980 So.2d 196, 199 (citing Davis v. Tele-Total, Inc., 465 So.2d 948 (La.App. 2 Cir.1985); Corte v. Cash Technologies, Inc., 2002-0846 (La.App. 1 Cir.4/2/03), 843 So.2d 1162). The trial court must have jurisdiction over the defendant in order for a default judgment to be valid. Ansalve v. Tucker, 617 So.2d 116, 118 (La.App. 4 Cir.1993). “A default judgment may not be taken against a person who had not received citation and service thereof.” Id.; See also Clay v. Clay, 389 So.2d 31 (La.1979).
*115 Although Edwards’ attorney executed an affidavit stating that Mathieu was served with process at his place of employment pursuant to the long-arm statute on January 21, 2014, the record shows that the return receipt for the mailing containing the “Motion to Reset Hearing to Establish Paternity ánd Obtain Child Support” was not signed by Mathieu, but was signed instead by someone with the last name of Graziano. Neither the affidavit nor the attachments from the United ^States Post Office identify Graziano as Mathieu’s agent or someone otherwise authorized to receive mail for Mathieu.[3] Because the evidence does not show that service of Edwards’ motion on Mathieu was in strict compliance with La. R.S. 13:3205, the March 25, 2014 default judgment rendered against Mathieu is an absolute nullity.[4]
For the reasons stated above, we vacate the March 25, 2014 default judgment, and remand this matter for further proceedings.
VACATED AND REMANDED

. The scanned image of the signature of the recipient of the mailing on January 21, 2014 is more legible than the signature on the item signed for on December 16, 2013. The United States Post Office identified the December 16, 2013 signer as "L. Grayiano,” but identified the January 21, 2014 signer as “L. Grazi-ano.”

. La. C.C.P. art. 2004(A) states: “A final judgment obtained by fraud or ill practices may be annulled.”

. In his petition for nullity, Mathieu stated that the person who signed for the mailing with the last name of Graziano is not his agent.

. As noted by this Court in Dean, 95-2365, 95-2352, p. 8, 667 So.2d at 1141, our disposition does not prevent plaintiff from filing a new petition with sufficient service.