STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-82

DANA DUHON

VERSUS

KATHRYN BROUILLETTE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 250,946-B
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and James T. Genovese, Judges.

REVERSED AND RENDERED.

**J. Graves Theus, Jr.**
**Theus Law Offices**
**P. O. Box 8432**
**Alexandria, LA 71301**
**(318) 769-9395**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Kathryn Brouillette**

**Andrew P. Texada**
**Penny H. Tullos**
**Stafford, Stewart & Potter**
**P.O. Box 1711**
**Alexandria, LA  71309**
**(318) 487-4910**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Dana Duhon**

**SAUNDERS, J.**

Defendant, Kathryn Brouillette (hereinafter "Mrs. Brouillette"), appeals from the trial court's denial of her petition for annulment of a default judgment against her. For the reasons that follow, we find that the trial court erred in denying Mrs. Brouillette's petition to annul, reverse the judgment of the trial court, and render judgment declaring the default judgment against Mrs. Brouillette absolutely null.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Dana Duhon (hereinafter "Ms. Duhon"), was one of the beneficiaries of the Menard Anthony Brouillette Living Trust (hereinafter "the trust"). The trust terminated on September 22, 2013, when the settlor died. Ms. Duhon made several unsuccessful requests for an accounting to John David Brouillette (hereinafter "Mr. Brouillette"), in his capacity as the trustee of the trust, and to Mrs. Brouillette, whom Mr. Brouillette referred to as his agent in the administration of the trust. When Ms. Duhon failed to receive an accounting, she filed a petition to compel an accounting against Mr. Brouillette on September 4, 2014. On September 29, 2014, the trial court ordered that Mr. Brouillette provide an accounting within fifteen days.

When Mr. Brouillette still failed to render an accounting, Ms. Duhon filed a first supplemental and amending petition on October 23, 2014. Thereafter, Ms. Duhon filed a motion to compel accounting on November 19, 2014. The trial court granted the motion and ordered Mr. Brouillette to provide an accounting by December 15, 2014. Although Mr. Brouillette produced an accounting on December 14, 2014, Ms. Duhon filed a second amending and supplemental petition on December 30, 2014, alleging the accounting provided was inadequate and requesting Mr. Brouillette be removed as trustee. On February 19, 2015, the

trial court removed Mr. Brouillette as trustee, appointed Ms. Duhon in his place, and ordered Mr. Brouillette to provide Ms. Duhon with all assets of the trust and any financial documents relating to those assets.

On March 5, 2015, Ms. Duhon filed a third supplemental and amending petition, wherein Mrs. Brouillette was finally added as a defendant, which was served on Mrs. Brouillette in accordance with the Long Arm Statute, La.R.S. 13:3204, on March 12, 2015. Mr. Brouillette's estate was substituted in his place, as he died on February 17, 2015. Mrs. Brouillette left the service unclaimed. None of the prior petitions had been served on Mrs. Brouillette, and they were not included in the Long Arm service.

On May 28, 2015, upon her motion, a preliminary default was entered in Ms. Duhon's favor against Mrs. Brouillette. On June 5, 2015, a default judgment was entered against Mrs. Brouillette in favor of Ms. Duhon, as the trustee, for $279,806.37. Finally, on June 17, 2015, Mrs. Brouillette filed a motion for new trial and petition for annulment of the default judgment. Following a hearing, the trial court issued its written reasons for denying the motion for new trial on October 5, 2015. It stated:

> There is no doubt that the defendant was not served with a copy of the Original or the First and Second Supplemental and Amending Petitions when she was served with the Third Supplemental and Amending Petition. The defendant contends that because of such, she was not properly served with process as required by law and therefore, the Court did not have personal jurisdiction.
>
> . . . .
>
> A review of the Original, First[,] and Second Supplement[al] and Amending Petitions show that [Mr. Brouillette] was the sole defendant and, although some historical facts were added as the case progressed, the only request in those pleadings was for the defendant to provide an accounting of [the trust].
>
> . . . .

The Court finds that the allegations contained in the Third Supplemental and Amending Petition were sufficient to place [Mrs. Brouillette] on notice as to grounds on which the cause of action was based and what the petitioner expected to prove against her. The prior pleadings were mainly procedural attempting [to have Mr. Brouillette] to provide an accounting and then to remove him as trustee. After his death, the Third Supplemental and Amending Petition was directed as a money judgment from his estate and his wife, who was actively involved in managing the Trust and theft from the Trust.

. . . .

Despite having knowledge of the ongoing litigation regarding the Trust and being involved in the administration of the Trust, [Mrs. Brouillette] never inquired about the certified mail, never contacted undersigned counsel, never retained counsel of her own, never filed any responsive pleadings to plaintiff's Third Supplemental and Amending Petition, and never appeared at any of the aforementioned hearings. The defendant cannot argue a deprivation of legal rights when she was properly served with the proceedings against her and given ample opportunity to respond, but simpl[y] chose to ignore it.

It is from this extensive litigation that the instant appeal arises.

## ASSIGNMENTS OF ERROR

Mrs. Brouillette asserts the trial court erred in:

1. failing to annul the default judgment rendered in favor of Ms. Duhon on the grounds that Mrs. Brouillette was neither served with the Original nor the First and Second Supplemental and Amending Petitions; and

2. finding Ms. Duhon established a prima facie case to support the default judgment against Mrs. Brouillette.

## STANDARD OF REVIEW

"A determination of whether a court has subject matter jurisdiction over a case and personal jurisdiction over a party is subject to a de novo review." *Hartman v. Lambert*, 08-1055, p. 3 (La.App. 3 Cir. 2/4/09), 7 So.3d 758, 760. "'When a judgment is absolutely null based on a jurisdictional ground, it has no legal existence, and its nullity may be shown in collateral proceedings at any time

and before any court.'" *Id.* at 762 (quoting *Taylor v. Hixson Autoplex of Alexandria, Inc.*, 00-1096, pp. 6-7 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, 1286.)

## DISCUSSION

Service of process is critical to the exercise of personal jurisdiction over a defendant. *Ardoin v. Daily*, 10-13 (La.App. 3 Cir. 5/5/10), 38 So.3d 494. Louisiana Code of Civil Procedure Article 6 provides, in pertinent part:

> A. Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. The exercise of this jurisdiction requires:
>
> (1) The service of process on the defendant, or on his agent for the service of process, or the express waiver of citation and service under Article 1201.

"A final judgment *shall be* annulled if it is rendered. . . [a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken." La.Code Civ.P. art. 2002(A)(2) (emphasis added). An action to annul a judgment for failure to serve a defendant with process "may be brought at any time." La.Code Civ.P. art. 2002(B).

Service of the original petition is a critical component of service of process, and it makes no difference whether supplemental and amending pleadings "set out all the essential elements of [the plaintiff's] cause of action." *Ardoin*, 38 So.3d at 497. Without service of the original petition, the court has no personal jurisdiction over the defendant. *River City Fed. Sav. Bank (Cadle Co.) v. Video Assocs., Inc.*, 01-2453 (La.App. 1 Cir. 11/8/02), 835 So.2d 781, *writ denied*, 02-2966 (La. 4/25/03), 842 So.2d 396. Even new defendants must be served with the original petition. See *Dickinson v. Nat'l Soc'y of Health*, 589 So.2d 632 (La.App. 5 Cir. 1991); *Williams v. New York Fire & Marine Ins. Co.*, 427 So.2d 938 (La.App. 4 Cir. 1983); *Camper & Camper, Ltd v. Paul*, 13-2116 (La.App. 1 Cir.

4

7/9/14)(unpublished opinion). It makes no difference whether a newly added defendant has "actual notice of the suit or enough information to warrant inquiry on his part[.]" *Camper*, 13-2116. "[S]trict compliance with the law" is required. *Scullin v. Prudential Ins. Co. of Am.,* 421 So.2d 470, 472 (La.App. 4. Cir. 1982).

In the instant matter, there is no dispute that Mrs. Brouillette was not served with the original petition. Nor was she served with the first or second amending petitions. There is no suggestion that she waived service and citation. Although the third amending and supplemental petition may have placed Mrs. Brouillette on actual notice of the suit or, at least, alerted her to make inquiry, in order to strictly comply with the law, we find the trial court erred in failing to declare the default judgment against Mrs. Brouillette an absolute nullity. Because she had not been served with the original petition, service was not perfected properly, and the trial court had no personal jurisdiction over Mrs. Brouillette, La.Code Civ.P. art. 6, and the default judgment must be declared a nullity. La.Code Civ.P. art. 2002.

Having found that the trial court erred in failing to declare the default judgment rendered in favor of Ms. Duhon and against Mrs. Brouilette an absolute nullity, Mrs. Brouillette's second assignment of error is pretermitted.

## DISPOSITION

Considering the foregoing, we reverse the judgment of the trial court, render judgment granting Mrs. Brouillette's petition to annul, and vacate the default judgment in favor of Ms. Duhon. Costs of this appeal are assessed to the Plaintiff, Dana Duhon.

**REVERSED AND RENDERED.**

5