# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-278


**MATTHEW HEBERT & MICHELLE HEBERT**

**VERSUS**

**ELEGANT REFLECTIONS, LLC D/B/A**
**ELEGANT REFLECTIONS, LLC OF TEXAS**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2022-2276
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### SHARON DARVILLE WILSON
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sharon Darville Wilson, Gary J. Ortego, and Wilbur L. Stiles, Judges.


**VACATED AND REMANDED.**


**Ortego, J. - Concurs, without assigning reasons.**

**Clarence F. Favret, III**
**James C. Cronvich**
**Jordan T. Leblanc**
**FAVRET CARRIERE CRONVICH**
**650 Poydras Street, Suite 2300**
**New Orleans, LA 70130**
**(504) 383-8978**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Elegant Reflections, LLC**

**James E. Sudduth, III**
**John L. Fourcade, III**
**SUDDUTH AND ASSOCIATES, LLC**
**1109 Pithon Street**
**Lake Charles, LA 70601**
**(337) 480-0101**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Matthew Hebert**
 **Michelle Hebert**

**WILSON, Judge.**

Defendant, Elegant Reflections LLC, d/b/a Elegant Reflections, LLC of Texas (Elegant), appeals the default judgment of the trial court in favor of plaintiffs, Matthew and Michelle Hebert, finding Elegant liable for defective construction and breach of contract and awarding the Heberts damages for emotional distress, repair costs, attorney's fees, and a refund of all money paid to Elegant. For the reasons expressed below, we vacate the judgment of the trial court and remand for further proceedings.

I.

## ISSUES

In this appeal we must decide:

(1)    whether the trial court committed legal error by rendering judgment against Elegant because Elegant was not properly served with the citation and petition;

(2)    whether the trial court abused its discretion by awarding $50,000 and $100,000 in general damages to Matthew and Michelle Hebert, respectively, based on the evidence in the record;

(3)    whether the trial court committed legal error by awarding the Heberts attorney's fees in the absence of a statute or contractual provision authorizing them; and

(4)    whether the trial court committed legal error by refunding the Heberts the entire amount they paid to Elegant, who completed a significant amount of the work under the contract.

II.

## FACTS AND PROCEDURAL HISTORY

Mr. and Mrs. Hebert hired Elegant to repair property damage to their home caused by Hurricanes Laura and Delta in the fall of 2020. On January 19, 2021, the parties signed a written contract for the completion of the repairs with a

listed contract price of $128,201.53. In an estimate prepared for the project, the cost of repairs was listed as $186,376.48. The Heberts made an initial payment of $29,584.98, and Elegant began work on their home that same month. Over the course of construction, the Heberts remitted a total of $130,132.47. Elegant requested the final draw of $33,000. Worried about running out of money, the Heberts refused to pay until Elegant submitted a supplement to their insurer and the insurer approved it. Elegant refused to prepare and submit the supplement.

On June 2, 2022, the Heberts filed a Petition for Damages against Elegant and XYZ Insurance Company, seeking damages the Heberts sustained due to Elegant's alleged breach of contract. Their petition asserts that Elegant worked on the home from January 2021 through August 2021. Elegant provided monthly invoices which listed each charge and the balance due each month. The Heberts noticed charges for labor which Elegant never provided. The Heberts notified Elegant regarding errors on the invoices and expressed concern for incomplete or poorly completed repairs, but Elegant refused to remedy the issues until additional payment was made.

The Heberts also seek to void the contract because they contend that Elegant, despite assertions to the contrary, was not a licensed contractor in the state of Louisiana at the time the contract was signed. As such, they allege that the contract was fraudulent and is an absolute nullity.

The Heberts' counsel mailed a certified copy of the citation and petition to "Elegant Reflections LLC, 5850 San Felipe St., Suite 500, Houston, Tx, 77057." The documents were delivered July 11, 2022, according to the United States Postal Service (USPS) tracking sheet attached to the affidavit of service.

On September 16, 2022, a hearing was held on the Heberts' Motion for Confirmation of Default. The Heberts were present at the hearing along with

2

counsel. After hearing the testimony of both Mr. and Mrs. Hebert and considering the evidence introduced, the trial court granted the Heberts' motion and awarded the following:

1. $130,132.47 plus legal interest from the date of judicial demand for restoration of the initial payment of work inadequately and/or improperly attempted, as well as work not completed to promised specifications;

2. $16,650.00 plus legal interest from the date of judicial demand for increased costs for repairs due to Elegant's inabilities to successfully complete their contractual obligations throughout the premises;

3. $7,500.00 plus legal interest from the date of judicial demand for attorney's fees incurred in the prosecution of this action;

4. $50,000.00 with legal interest from the date of judicial demand for general damages including, but not limited to emotional distress, anxiety, inconvenience, loss of use, and loss of enjoyment of the residence to Matthew Hebert;

5. $100,000.00 with legal interest from the date of judicial demand for general damages including, but not limited to emotional distress, anxiety, inconvenience, loss of use, and loss of enjoyment of the residence to Michelle Hebert;

6. Pre-judgment interest at the highest rate permitted by law, plus legal interest from the date of judicial demand; and

7. All costs of these proceedings, including expert fees and all court costs, shall be cast against Elegant.

A copy of the judgment was mailed to Elegant at their Houston address on November 4, 2022. On December 15, 2022, Elegant filed a Motion for

3

Suspensive Appeal which was granted on January 9, 2023. On March 3, 2023, the Heberts filed a Motion to Dismiss for Failure to Pay Estimated Appeal Costs and a rule to show cause was set for April 10, 2023. The Heberts filed a Motion for Judgment Debtor Rule Examination on April 11, 2023. The motion was granted and Elegant was ordered to appear in open court on June 12, 2023, to be examined for a judgment debtor. On April 19, 2023, the Motion to Dismiss for Failure to Pay Estimated Appeal Costs was dismissed without prejudice as moot and Elegant's suspensive appeal was converted to a devolutive appeal via stipulated judgment.

III.

## LAW AND DISCUSSION

### Defective Service

In its' first assignment of error, Elegant contends that the trial court committed legal error by rendering judgment against it because Elegant was not properly served with the citation and petition. The record includes the affidavit of Amanda O'Blanc, an employee of the Heberts' counsel, which states that "on June 29, 2022, she mailed these certified copies to Elegant Reflections, LLC, pursuant to [La. R.S.] 13:3201, etc.[,]" and "on August 8, 2022, she verified the delivery of the documents via United States Postal Service Tracking, which confirmed that the documents were delivered on July 11, 2022." Louisiana Revised Statutes 13:3201, known as the "Long-Arm Statute," establishes the conditions under which a court of this state may exercise personal jurisdiction over a nonresident. Louisiana Revised Statutes 13:3204 provides that service under the Long-Arm Statute is effected when a "certified copy of the petition" is sent by plaintiff's counsel "to the defendant by registered or certified mail, or actually delivered to the defendant by commercial carrier, when the person to be served is located outside of the state[.]"

4

Under La. Code Civ.P. art. 5251(11), "a foreign corporation which is not licensed to do business in this state," is considered a nonresident. Elegant argues that because it is registered to do business in Louisiana, it is not a nonresident and, therefore, could not be served through Long-Arm service. Instead, Elegant asserts that the Heberts were required to follow La.Code Civ.P. art. 1266(A) which provides: "Service of citation or other process on a domestic or foreign limited liability company is made by personal service on any one of its agents for service of process." As the manner of service attested to in Ms. O'Blanc's affidavit was not personal service, Elegant contends that service was insufficient and the proceedings against it are absolutely null.

Insufficiency of service is an objection to be raised by a declinatory exception. La.Code Civ.P. art. 925(A)(2). According to the Louisiana Code of Civil Procedure,

> The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, **and in any event, prior to the signing of a default judgment**.

La.Code Civ.P. art 928(A)(emphasis added).

Under the clear and unequivocal terms of La.Code Civ. P. art 928, Elegant was required to have plead any declinatory exceptions prior to the signing of default. In the present case, the trial court entered a judgment of default in favor of the Heberts on September 16, 2022. Elegant did not raise the issue of insufficiency of service of process until December 15, 2022, when it filed this appeal. Elegant failed to timely raise the declinatory exception of insufficiency of service.

5

In the alternative, Elegant argues that even if Long-Arm service was applicable in this case, the record did not contain a return receipt as required by La.R.S. 13:3205, rendering the judgment null. Louisiana Revised Statutes 13:3205 sets forth the proof of service of process required before a default judgment can be entered against a nonresident defendant. It provides, in pertinent part:

> No default judgment may be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who has done any of the following:
> (1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant.

*Id.*

Louisiana Code of Civil Procedure article 2002 provides that "[a] final judgment shall be annulled if it is rendered. . . [a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken." The requirements of La.R.S. 13:3205 are to be strictly construed, and a judgment obtained without strict compliance with the statute is an absolute nullity. *Edwards v. Mathieu*, 14-673 (La.App. 4 Cir. 3/11/15), 163 So.3d 110, *writ denied*, 15-736 (La. 6/1/15), 171 So.3d 934; *Belltech Grp., Inc. v. Capital One (USA), N.A.*, 12-949 (La.App. 3 Cir. 10/31/12).

The fifth circuit, addressing this issue in a similar case, noted:

> The usual procedure to annul a judgment is to bring a direct action in the trial court. La. C.C.P. art. 2006. *Fouchi v. Fouchi*, 442 So.2d 506, 508 (La.App. 5 Cir.1983), *writ denied*, 445 So.2d 1235 (La.1984). However, the jurisprudence recognizes that where the (default) judgment at issue is an absolute nullity, as discussed, infra, it may be attacked in direct or collateral

6

proceedings at any time and before any court. *Id.; Lexington Ins. Co. v. Tasch, Inc.*, 12-339, p. 10 (La.App. 5 Cir. 11/27/12), 105 So.3d 950, 956.

A default can be reversed as a nullity on direct appeal where the ground for the nullity is apparent on the face of the record. *G.R. Constr.[ & Renovation, LLC v. White,* 14-62 (La.App. 5 Cir. 5/21/14), 142 So.3d 207]; *State, Dep't of Soc. Services, ex. rel. T.M.A. v. Pickins*, 42,721 (La.App. 2 Cir. 12/5/07), 972 So.2d 1225. Jurisprudence also recognizes that peremptory grounds for nullity of a judgment listed in La. C.C.P. art. 2002, i.e., "lack of service of process as required by law" may be asserted through appeal. *See Pollock v. Talco Midstream Assets, Ltd.*, 44,629 (La.App. 2 Cir. 9/23/09), 22 So.3d 1033, *writ denied*, 11–1295 (La.9/23/11), 69 So.3d 1166 (permitting annulment through motion for new trial or on appeal in same action).

*Folse v. St. Rose Farms, Inc.*, 14-436 pp. 5–6 (La.App. 5 Cir. 11/25/14), 165 So.3d 104, 107–08.

"If a default judgment is an absolute nullity for defects patent on the face of the proceedings leading up to it, it may be attacked at any time, at any place, by rule *or by any other method* where the validity of such a judgment is asserted." *Taylor v. Hixson Autoplex of Alexandria, Inc.*, 00-1096, p. 7 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, 1286, *writ not considered*, 01-1539 (La. 9/14/01); 796 So.2d 670 (emphasis added). On appeal, Elegant has questioned the validity of the default judgment and asserted that it is an absolute nullity.

Louisiana Revised Statutes 13:3205 requires that the "return receipt of the defendant" be attached to the affidavit of service. In the present case, attached to the affidavit of Ms. O'Blanc was a print out of the USPS tracking sheet showing that the documents were delivered "to an individual at the address[.]" This tracking sheet was not a signed return receipt of the defendant. Not only does it not contain the signature of Elegant or its agent, but it contains no name at all. There is nothing

in the affidavit that identifies who the mail was left with and if that person was authorized to accept mail on behalf of Elegant.

We find that because the evidence does not show that service on Elegant was in strict compliance with La.R.S. 13:3205, the default judgment rendered against Elegant is an absolute nullity. As the absolute nullity is patent on the face of the proceedings, the issue of the judgment's validity is properly before this court on appeal. Therefore, we vacate the default judgment on appeal as an absolute nullity. All other issues raised by Elegant are hereby rendered moot.

IV.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is vacated, and this matter is hereby remanded to the trial court for further proceedings. All costs of this appeal are assigned to the plaintiffs/appellees, Matthew and Michelle Hebert.

**VACATED AND REMANDED.**