BOBBY WILKERSON

VERSUS

TERRY HUNTER AND ABC INSURANCE
COMPANY

NO. 24-CA-17

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 796-266, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING

July 17, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Scott U. Schlegel

**<u>VACATED AND REMANDED</u>**

    **SUS**
    **FHW**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
BOBBY WILKERSON
John W. Redmann
Edward L. Moreno
Travis J. Causey, Jr.
Benjamin B. Perkins
Lisa Z. Gilmore
Jordan R. Westerfield
Christopher J. Fransen
Matthew J. Pertuit

COUNSEL FOR DEFENDANT/APPELLANT,
PAMELA HUNTER AND THE ESTATE OF TERRY HUNTER
Alistair A. Adkinson

**SCHLEGEL, J.**

This matter involves a premises liability lawsuit initially brought by plaintiff/appellee, Bobby Wilkerson, against decedent, Terry Hunter, on June 14, 2019. Upon learning of the decedent's death during the pendency of these proceedings, Mr. Wilkerson filed a supplemental and amending petition to substitute defendants, The Estate of Terry Hunter (the "Estate') and the decedent's spouse, Pamela Hunter. Mr. Wilkerson utilized the Louisiana Long-Arm Statute, La. R.S. 13:3201, *et. seq.*, to serve the original and substituted defendants in California. After receiving no response to the petition, Mr. Wilkerson obtained a default judgment against the Estate and Ms. Hunter on June 5, 2023.

On appeal, defendants argue that the default judgment is absolutely null because: 1) Mr. Wilkerson failed to comply with the requirements to serve a party and to obtain a default judgment under the long-arm statute; and 2) the Estate is not a proper party defendant. Defendants also argue that the default judgment must be reversed because Mr. Wilkerson did not present any evidence to establish liability against Ms. Hunter as an owner of the subject property. In his appellee brief, Mr. Wilkerson agrees that the default judgment should be reversed after reviewing "the procedural posture of this case and the case law pertaining to a deceased defendant." For reasons discussed more fully below, we agree that the default judgment is absolutely null due to Mr. Wilkerson's failure to comply with the prerequisites required to obtain a default judgment under La. R.S. 13:3205 of the long-arm statute. Thus, we vacate the default judgment and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Mr. Wilkerson alleges that a branch from a "dangerous/diseased" tree fell on his head and left shoulder when he was on his property located at 903 Estalote Avenue in Harvey, Louisiana on October 16, 2018, causing serious injuries. He

alleges that the tree was located on the adjacent property owned by the decedent at 909 Estalote Avenue. Mr. Wilkerson filed a petition for damages on June 14, 2019, and sent service of process to the decedent by certified mail at an address in Spring Valley, California via the Louisiana Long-Arm Statute, La. R.S. 13:3201, *et. seq.* When the decedent failed to file a response, Mr. Wilkerson moved for a preliminary default, which the trial court granted on October 15, 2019. Before Mr. Wilkerson confirmed the default judgment, the decedent passed away on May 27, 2022.

Mr. Wilkerson then filed an *Ex Parte* Motion and Order for Leave to Substitute Parties-Defendants and to File First Supplemental and Amending Petition for Damages. In his motion, Mr. Wilkerson asked to substitute "The Estate of Terry Hunter and Pamela Hunter" as defendants for the decedent because he had discovered that both the decedent and his surviving spouse, Pamela Hunter, owned the subject property. On October 11, 2022, the trial court granted Mr. Wilkerson leave to substitute defendants due to the decedent's death and to file the First Supplemental and Amending Petition for Damages.[1] Mr. Wilkerson then sent service to defendants by certified mail at the same address in Spring Valley, California via the long-arm statute.

Defendants did not respond to the petition, so on April 3, 2023, Mr. Wilkerson moved for a default judgment. At the default hearing on May 25, 2023, Mr. Wilkerson provided brief testimony regarding his injuries and conversations with the decedent about the need to trim the tree limbs or cut the tree down due to its poor condition. Mr. Wilkerson also introduced his medical records and itemized court costs into evidence. Following the hearing, the trial court granted

---

[1] We observe that despite his request to substitute Ms. Hunter as a defendant for the decedent in his motion for leave, the supplemental and amending petition only adds Ms. Hunter in her individual capacity as an owner of the subject property, and not in a representative capacity as a legal successor of the decedent. Further, there is no evidence in the record to determine whether Ms. Hunter is the appropriate legal successor to join in this matter as set forth in La. C.C.P. arts. 801-804, which govern substitutions following the death of a party.

the motion for default judgment. On June 5, 2023, the trial court signed a judgment entering a default judgment in favor of Mr. Wilkerson and against defendants, The Estate of Terry Hunter and Pamela Hunter, awarding Mr. Wilkerson $13,882.51 for past medical expenses, $12,000.00 for general damages, and $1,164.85 for costs.

On August 6, 2023, Ms. Hunter filed a notice of appeal, and the following day on August 7, 2023, "purported Defendant, The Estate of Terry Hunter" filed its notice of appeal. The trial court granted the orders of appeal on August 17, 2023.

## LAW AND ANALYSIS

On appeal, defendants argue that this Court should reverse the default judgment on several different grounds, including: 1) the default judgment is an absolute nullity because the trial court did not have personal jurisdiction over them; 2) the trial court erred in granting the default judgment because Mr. Wilkerson failed to provide sufficient proof that defendants owned or had custody, care or control of the property at issue; 3) the trial court erred in granting the default judgment because Mr. Wilkerson failed to provide sufficient proof that Ms. Hunter had knowledge of any defects in the property; and 4) the decedent's estate is not a proper party defendant or succession representative. Defendants further ask this Court to dismiss Mr. Wilkerson's case with prejudice.

In response, Mr. Wilkerson filed an appellate brief acknowledging and agreeing that the default judgment should be reversed and the matter remanded after reviewing "the procedural posture of this case and the case law pertaining to a deceased defendant." Mr. Wilkerson indicates that he is willing to pursue a joint dismissal of the appeal, but that defendants are inclined to proceed with the appeal process. Mr. Wilkerson does not address the merits of defendants' appellate arguments, other than to argue that no authority warrants the dismissal of his case.

Mr. Wilkerson further recognizes that before a court can enter a judgment for or against a deceased party, substitution of a legal successor is required.

In their first assignment of error, defendants contend that the default judgment is an absolute nullity because personal jurisdiction does not exist over them under the long-arm statute. Defendants specifically argue that the record does not contain any evidence to establish that Mr. Wilkerson sent service of process to the decedent's or substituted defendants' correct residential address. Defendants further argue that the return for service of process sent to the decedent indicates that an individual with the initials "A.B.", rather than the decedent, signed the return.

La. C.C.P. art. 2002(A)(2) provides that a final judgment shall be annulled if it is rendered against "a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken."

Section 3201 of the Louisiana Long-Arm Statute, entitled "Personal jurisdiction over nonresidents" provides in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

> * * *

> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

> * * *

> (5) Having an interest in, using or possessing a real right on immovable property in this state.

Service of process is critical to the exercise of personal jurisdiction over a defendant. *Duhon v. Brouillette*, 16-82 (La. App. 3 Cir. 6/1/16), 195 So.3d 658, 661. Personal jurisdiction over non-residents is fully dependent upon strict compliance with the long-arm statute's procedural requirements. *Clay v. Clay*, 389

So.2d 31, 37 (La. 1979) (holding that a default judgment may not be taken against a person who has not received citation and service); *Folse v. St. Rose Farms, Inc.*, 14-436 (La. App. 5 Cir. 11/25/14), 165 So.3d 104, 108.

Service of process under La. R.S. 13:3204 requires as follows:

A. In a suit under R.S. 13:3201, a certified copy of the citation . . . and of the petition . . . shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

The contents of the affidavit of service of process that a plaintiff must submit before a court can enter a default judgment against a nonresident defendant is explained in La. R.S. 13:3205:

No default judgment may be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who has done any of the following:

**(1) *Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant.***

(2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier's confirmation of delivery.

(3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery. (Emphasis added.)

The requirements of Section 3205 must be strictly construed. *Edwards v. Mathieu*, 14-673 (La. App. 4 Cir. 3/11/15), 163 So.3d 110, 114, *writ denied*, 15-736 (La. 6/1/15), 171 So.3d 934. A preliminary default judgment obtained without strict compliance with the procedural requirements of La. R.S. 13:3205 is an

absolute nullity. *Id.*; *Corte v. Cash Technologies., Inc.*, 02-846 (La. App. 1 Cir. 4/2/03), 843 So.2d 1162, 1166.

In *Edwards*, *supra*, the plaintiff sued the defendant to establish paternity and child support, serving defendant via the long-arm statute. The plaintiff obtained a default judgment against the defendant, but on appeal, the defendant argued that the default judgment was absolutely null because he was not properly served. The affidavit of service filed by the plaintiff pursuant to La. R.S. 13:3205 indicated that "L. Graziano" signed the service return. The appellate court determined the default judgment was absolutely null because neither the affidavit nor the service return identified "L. Graziano" as the defendant's agent or someone otherwise authorized to receive mail for the defendant. *Id.* at 115; *see also Hebert v. Elegant Reflections, LLC*, 23-278 (La. App. 3 Cir. 12/20/23), 377 So.3d 453, 458-59.

As explained above, plaintiff initially mailed the citation and original petition to the decedent by certified mail. The affidavit of service filed in the record on July 19, 2019, attached a return indicating that an individual identified as "A.B." signed for the mailing. Just as in *Edwards*, neither the affidavit nor the signed return includes any information to identify "A.B." or to explain this individual's authority to accept mail for the decedent. Section 3205(1) states that in order to obtain a default judgment, the affidavit must attach "the return receipt of the defendant." Because the affidavit fails to establish compliance with La. R.S. 13:3205, the default judgment rendered against defendants is an absolute nullity.[2]

We also observe a deficiency in the affidavit of service submitted on January 4, 2023, after plaintiff's counsel sent service of process to the substituted/added defendants by means of the long-arm statute. The subsequent affidavit indicates that "a certified copy of the Citation and First Supplemental Amending Petition for

---

[2] We do not reach the issue of whether Mr. Wilkerson forwarded process to the decedent's or defendants' correct residential address because we do not have sufficient information in the record to resolve this issue.

Damages" was sent by certified mail. The affidavit does not indicate whether the certified mailing included a copy of the original petition.

When a supplemental or amended petition is filed naming any additional defendant, La. C.C.P. art. 1201(C) requires the plaintiff to serve the additional defendant "with the original petition and the supplemental or amended petition." Service of the original petition is a critical component of service of process, and without service of the original petition, the court has no personal jurisdiction over the newly added defendant. *Duhon*, 195 So.3d at 661-62 (declaring default judgment a nullity because added defendant was not served with original petition); *Dickinson v. National Soc. of Health*, 589 So.2d 632 (La. App. 5th Cir. 1991); *Camper and Camper, Ltd. v. Paul*, 13-2116, p. 1 (La. App. 1 Cir. 7/9/14), 2014 WL 3362168. Accordingly, we further find that the judgment against the Estate and Pamela Hunter is an absolute nullity because the affidavit of service does not state whether plaintiff's counsel included the original petition with the certified mailing.[3]

## CONCLUSION

Based on the foregoing, we find that the default judgment entered against defendants, The Estate of Terry Hunter and Pamela Hunter, is an absolute nullity and vacate the judgment. The matter is remanded for further proceedings.

**VACATED AND REMANDED**

---

[3] In assignment of error four, defendants also argue that the trial court erred by entering a default judgment against "The Estate of Terry Hunter" because it is not a party capable of being sued and cast in judgment for money damages. Before a trial court can enter a judgment for or against a deceased party, substitution of a legal successor is essential. *See First Bank and Trust v. Proctor's Cove II, LLC*, 19-299 (La. App. 5 Cir. 12/30/19), 287 So.3d 888, 898; Frank L. Maraist, 1 La. Civ. Law Treatise, Civil Procedure, § 4:13 (2d Ed.). La. C.C.P. art. 801(2) defines a legal successor for purposes of substitution following the death of a defendant as "the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein." The Estate is not a proper legal successor and thus, the default judgment entered against it is also a nullity on these grounds. *See First Bank, supra*. Based on our findings that the default judgment is an absolute nullity, we pretermit discussion of defendants' additional assignments of error.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 17, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-CA-17**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
R. CHRISTOPHER COX, III (DISTRICT JUDGE)
BENJAMIN B. PERKINS (APPELLEE)          EDWARD L. MORENO (APPELLEE)          ALISTAIR A. ADKINSON (APPELLANT)

**MAILED**
CHRISTOPHER J. FRANSEN (APPELLEE)       JOHN W. REDMANN (APPELLEE)
ATTORNEYS AT LAW                         JORDAN R. WESTERFIELD (APPELLEE)
1101 WESTBANK EXPRESSWAY                 LISA Z. GILMORE (APPELLEE)
GRETNA, LA 70003                         MATTHEW J. PERTUIT (APPELLEE)
                                         TRAVIS J. CAUSEY, JR. (APPELLEE)
                                         ATTORNEYS AT LAW
                                         1101 WESTBANK EXPRESSWAY
                                         GRETNA, LA 70053